[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14425

_____

OSHRC No. 04-1405

JOHN CARLO, INC.,

Petitioner,

versus

SECRETARY OF LABOR,

Respondent.

_____

Petition for Review of a Decision of the
Occupational Safety & Health Review Commission

_____

**(May 14, 2007)**

Before CARNES, WILSON and HILL, Circuit Judges.

PER CURIAM:

John Carlo, Inc. ("JCI") seeks review of a final order of the Occupational

Safety and Health Review Commission in favor of the Secretary of Labor. After a

trench collapse fatally injured a JCI employee, the Administrative Law Judge ("ALJ") found that JCI willfully violated 29 C.F.R. § 1926.652(a)(1) and assessed a $50,000 penalty. The Commission adopted the decision of the ALJ, which became the final order of the Commission. JCI argues that the Secretary failed to establish a violation before the ALJ and asks us to reverse the Commission's final order. We find that substantial evidence supports the ALJ's decision. Accordingly, we affirm.

JCI participated in a road improvement project in Jacksonville, Florida, which required crew members to install a sewer line down the middle of an existing roadway. At one location, the new line would cross under an existing gas line that was perpendicular to the proposed sewer line. Running parallel to the proposed sewer line were buried gas, water, and telephone lines. JCI supervisors began discussing the potential problems posed by the other utility lines, specifically the perpendicular gas line, months in advance of actually encountering those lines in the excavation. JCI attempted to have the gas company relocate the perpendicular gas line, but the company would not cooperate. JCI's supervisors resolved to address the problem of the perpendicular gas line when they encountered it.

OSHA regulations require employers to protect employees working in excavations from cave-ins with an adequate protection system. 29 C.F.R. §

1926.652(a)(1). There are various types of protection systems including sloping and shoring. On March 30, 2004, the JCI crew worked in two stacked trench boxes laying pipe up to the location where the gas line crossed the trench for the sewer line. On March 31, 2004, however, the crew removed the top trench box because both boxes could not fit under the perpendicular gas line.

The crew pulled the bottom box under the perpendicular gas line and prepared the bottom of the trench to lay one joint of the sewer pipe. Two crew members entered the trench and worked inside the trench box for at least 20-30 minutes. The trench walls above the box (approximately six feet) were not sloped or otherwise protected, which undisputedly violated OSHA standards. While the two employees were in the trench, a large clay ball dislodged, fell into the trench, and struck one employee who eventually died as a result. Subsequent to the cave-in, JCI was able to slope the trench walls according to OSHA standards and complete the laying of the pipe at the same location without moving or removing the gas line.

After hearing testimony from the project superintendent (Lester Cox), the foreman (James Jacobs), and the employee who survived the accident, the ALJ concluded that Cox instructed Jacobs to use only the bottom trench box where the trench crossed under the gas line. Jacobs testified that he reminded Cox that this would leave the top portion of the trench unprotected. Jacobs said Cox explained

3

that he realized the problem, but because JCI had bid the project based on six-foot-wide trenches, they could not slope the trench. Jacobs was present and supervised the crew at the time of the accident.

The ALJ imputed Jacobs' actual knowledge of the violation to JCI. The ALJ determined that, in light of the employee's death and the nature of the hazard, the "violation was a serious violation in that there was a substantial probability that death or serious physical harm could result from the violative conditions." The ALJ also determined that the violation was willful and held that JCI, "through Cox and Jacobs, was actually aware, at the time of the violative act, that the act was unlawful." Both Cox and Jacobs "knowingly and deliberately" violated the standard because it "was more expedient to place employees in an unprotected trench for 15 minutes to lay one joint of pipe than to take the time to adequately shore or slope the trench to protect employees."

The ALJ also rejected JCI's assertion that the misconduct of Cox and Jacobs was unpreventable. Jacobs had followed the directions of Cox, JCI's highest-ranking supervisor on the project. Moreover, the ALJ found that JCI's written safety program had "material errors as to OSHA's trenching requirements regarding the appropriate degree of sloping . . . and the minimum height of a trench box above surrounding soil," as well as seven other errors. Yet JCI did not "correct these obvious errors or communicate the correct information to employees

4

on this project prior to the accident." Thus, JCI "failed to establish specific work rules designed to prevent this violation" and "eliminate employee exposure to the hazard covered by the standard." In addition, the ALJ found that JCI had inadequately trained Jacobs, Cox, and other employees and ineffectively enforced its safety program.

The Commission's decision is "entitled to considerable deference on appellate review." *Fluor Daniel v. Occupational Safety & Health Review Comm'n*, 295 F.3d 1232, 1236 (11th Cir. 2002). "We review the Commission's findings of fact to determine whether they are supported by substantial evidence on the record as a whole; if so, they are deemed conclusive." *J.A.M. Builders, Inc. v. Herman*, 233 F.3d 1350, 1352 (11th Cir. 2000). Substantial evidence is "something more than a scintilla of evidence, but something less than the weight of the evidence" and is enough relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *McHenry v. Bond*, 668 F.2d 1185, 1190 (11th Cir. 1982). Moreover, we must uphold the Commission's legal determinations unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Fluor Daniel*, 295 F.3d at 1236.

After carefully considering the briefs, reviewing the record on appeal, and having had the benefit of oral argument, we find that substantial record evidence supports the ALJ's findings and the decision is in accordance with the law. Thus,

5

we deny JCI's petition for review and uphold the Commission's final order.

**AFFIRMED.**